OLD DOMINION COPPER MINING & SMELTING CO. v. LEWISOHN et al.

(Circuit Court, S. D. New York. December 30, 1909.)

1. EQUITY (§ 271*)—BILL—AMENDMENT.

Complainant in equity, after the pleadings have been closed and the evidence has been taken and is ready for printing, is not entitled to leave to file a substituted bill of complaint, except to make the pleadings correspond to the evidence.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 558–560; Dec. Dig. § 271.*]

2. EQUITY (§ 290*)—COMPLAINT—AMENDMENT.

Where leave is asked to file a substituted bill of complaint, the court can only permit or reject it, and cannot be expected to revise it, and permit it to be filed if drawn in a different form.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 549; Dec. Dig. § 290.*]

3. EQUITY (§ 290*)—BILL—AMENDMENT.

Where, after the pleadings are closed and the evidence taken, complainant deems it necessary to file an amendment to the bill, he should present specific amendments to the paragraphs of the original bill, supporting his application by affidavits, according to equity rule 29, and not make an application to file a substituted bill, which the court would not grant unless satisfied that complainant is entitled to make all the changes which would be made by the substituted bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 549; Dec. Dig. § 290.*]

Action by the Old Dominion Copper Mining & Smelting Company against Frederick Lewisohn and others. On motion for leave to file a substituted bill of complaint. Denied.

Edward F. McClennen, for the motion.
Eugene Treadwell, opposed.

NOYES, Circuit Judge. It appears that the pleadings in this case were long since closed, and that the evidence has been taken and is ready for printing. In this situation it is not obvious why the complainant, in seeking an amendment, should not strictly follow equity rule 29. The complainant, however, without any supporting affidavits and without specific amendments, asks leave to file a substituted bill of complaint. Aside from matters of form, it is clear that such leave at this late day should only be granted for the purpose of making the pleadings correspond to the evidence. But, without affidavits or proper references presenting the relevant evidence, it is quite impossible for the court to determine whether the changes in the original bill made by the substituted bill are necessary, and only such as are necessary, to make the allegations conform to the proofs.

Of course the objection just noted might be met by now receiving references to the testimony. But that would not be sufficient to enable the court to really dispose of the questions presented upon the motion. The complainant desires to file a substituted bill. The court can only permit it to be filed or reject it. The court cannot be expected to revise it, and permit it to be filed if drawn in a different form. Consequently, as I am not satisfied that the complainant should be permitted to make all the changes which would be made by the substituted bill, I have no other course than to refuse the complainant leave to file it. Had the complainant presented specific amendments to the paragraphs of its original bill, I should have taken a different course, and should have passed upon each of the proposed changes.

The motion is denied, without prejudice to the right of the complainant to ask leave to amend the paragraphs of the original complaint in accordance with the rules of courts of equity.