OLD DOMINION COPPER MINING & SMELTING CO. v. LEWISOHN et al. (Circuit Court, S. D. New York. June 17, 1910.) In Equity. On Motion to Amend Bill of Complaint. Louis D. Brandeis and Edward F. McClennen, for complainant. Hoadly, Lauterbach & Johnson, for defendants.

HAZEL, District Judge. This motion first came before Judge Noyes, who in his written memorandum intimated that, if the complainant had presented specific amendments to the different paragraphs of the original bill, he would have passed upon each of the proposed amendments and either allowed or disallowed them. Without endeavoring to pass specifically upon the various proposed amendments, it appears clearly enough that the amendments which the complainant desires to make to the original bill are thoroughly in line with its testimony, while the allegations of the original bill are not as claimed in accord therewith. Under the circumstances presented by the record, I am of the opinion that the proposed amendments should be allowed, and an order to that effect may be entered.

See, also, 176 Fed. 745.

---

PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al. FARMERS' LOAN & TRUST CO. v. METROPOLITAN ST. RY. CO. et al. GUARANTY TRUST CO. OF NEW YORK v. SAME. (Circuit Court, S. D. New York. June 27, 1910.) Nos. 2–9, 2–33, 2–149, 3–37.

LACOMBE, Circuit Judge. It is quite manifest that the situation with regard to these federal taxes presents questions which should not be summarily disposed of. Indeed, it is possible that some of them can be satisfactorily disposed of only after the United States Supreme Court shall have decided the cases in which reargument has been ordered. The proper course would seem to be for receivers to pay them, thus avoiding all possible penalties, and leaving the ultimate adjustments to be made hereafter. Such payment should be made, however, only under an order to the terms of which, in each case, the lessor company may agree, providing (as was done in the case of the franchise taxes) that the same shall be without prejudice to rights of lessee or bondholders, and that, in the event of its being finally decided that the lessor should pay these excise taxes, it will reimburse the receivers for the money now advanced to pay them. In cases where the lessors will not agree to the entry of such an order, the receivers should not take the responsibility of paying.

See, also, 176 Fed. 471.

---

THE MATANZAS et al. (District Court, E. D. Pennsylvania. June 8, 1910.) Nos. 15, 44. In Admiralty. Final hearing. Francis C. Adler, John F. Lewis, and J. Frank Staley, for libelant. Howard M. Long, for respondent.

J. B. McPHERSON, District Judge. In each of these cases the libelant, who is a part owner of the bark Matanzas and objected to a contemplated voyage, filed a libel asking that the majority owners be compelled to give security for the safe return of the vessel to the port of Philadelphia. In each case the bond has been entered in a sum fixed by the court, the voyage has been accomplished, and the vessel has been safely returned. While, therefore, the libelant is entitled to a formal decree in his favor, since he was exercising an undoubted right when he asked for security, nothing is now to be provided for except the costs. A decree may therefore be entered in each case in favor of the libelant for costs.